On Return to Remand
Samuel Ivery was convicted of the capital murder of Deborah Lewis. See § 13A-5-40(a)(2), Code of Alabama 1975 (murder during the course of a robbery or an attempted robbery). InIvery v. State, 686 So.2d 495 (Ala.Cr.App. 1996), we affirmed Ivery's conviction. However, we remanded the cause to the trial court and instructed it to clarify whether it found the existence of any non-statutory mitigating circumstances. On remand, the trial court promptly complied with our instructions and filed an appropriate return. After reviewing the sentencing proceedings, we find that Ivery's sentence of death is due to be affirmed.
We have reviewed Ivery's sentence pursuant to § 13A-5-53, which requires this court to review the propriety of the death sentence. This review includes a determination of the following: (1) whether any error adversely affecting Ivery's substantial rights occurred; (2) whether findings by the trial court concerning aggravating and mitigating circumstances were supported by the evidence; and (3) whether death is the proper sentence in this case. Section 13A-5-53(b) requires that in determining whether death is the proper sentence, this court must determine (1) whether the death sentence was imposed under the influence of passion, prejudice, or any other arbitrary factor; (2) whether, after this court undertakes an independent weighing of the aggravating and mitigating circumstances, it determines that death is considered the proper sentence; and (3) whether the death sentence is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and Ivery.
Following Ivery's conviction for capital murder, a separate sentencing hearing was held before the jury pursuant to §§13A-5-45 and -46. The jury heard evidence concerning the aggravating and mitigating circumstances. The trial court properly instructed the jury on the applicable law and the jury returned a unanimous verdict in favor of the sentence of death.
The trial court held another hearing in accordance with §13A-5-47, to determine whether to follow the jury's recommendation. The trial court ordered and received a written presentence investigation report as required by § 13A-5-47(b). The trial court entered specific written findings on the existence or nonexistence of aggravating circumstances set forth in § 13A-5-49 as well as the existence or nonexistence of any mitigating circumstances set forth in § 13A-5-51 and §13A-5-52. The trial court also enumerated specific findings of fact summarizing the crimes and Ivery's participation in them.
The trial court found the existence of the following three aggravating circumstances: (1) that Ivery has previously been convicted of another crime of violence, i.e., robbery,see § 13A-5-49(2); (2) that Ivery committed this capital offense while engaged in a robbery, see § 13A-5-49(4); and (3) that the capital offense was especially heinous, atrocious, or cruel when compared to other capital offenses, see §13A-5-49(8). The trial court also considered any mitigating circumstances set forth in § 13A-5-51 and as mandated by §13A-5-52. The trial court found the existence of only one statutory mitigating circumstance-that, his prior robbery conviction notwithstanding, Ivery's history of prior criminal activity was not significant, see § 13A-5-51(1). On remand, the trial court stated that Ivery presented no evidence of any nonstatutory mitigating circumstances, see § 13A-5-52, and that the trial court found none to exist.
In addition, the trial court considered the presentence report, evidence presented at trial and at the sentencing hearings, and the advisory verdict of the jury. Ivery had the opportunity to rebut the evidence contained in the presentencing report. The trial court weighed the aggravating circumstances against the mitigating circumstance, and, finding that the aggravating circumstances outweighed the mitigating circumstance, sentenced Ivery to death.
In accordance with Ala. R. App. P. 45A, we have examined the record in this case for any plain error, whether or not brought to our attention or to the attention of the trial court. We have found no "plain error or defect in *Page 522 
the proceedings," either in the guilt phase or in the sentencing phases of the trial.
We take judicial notice that crimes similar to the crime committed by Ivery in this case are being punished capitally throughout this state. See, e.g., Bush v. State [Ms. CR-90-1652, December 1, 1995] ___ So.2d ___ (Ala.Cr.App. 1995); Kuenzel v. State, 577 So.2d 474, 481-82 (Ala.Cr.App. 1990), aff'd, 577 So.2d 531 (Ala. 1991), cert. denied,502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991); Hallford v. State,548 So.2d 526 (Ala.Cr.App. 1988), aff'd, 548 So.2d 547
(Ala.), cert. denied, 493 U.S. 945, 110 S.Ct. 354,107 L.Ed.2d 342 (1989). In fact, the Alabama Supreme Court has noted that two-thirds of Alabama's death sentences have been imposed on defendants convicted of capital murder arising out of robbery-murders. Beck v. State, 396 So.2d 645, 654 n. 5 (Ala. 1980).
We have carefully searched the record of both the guilt and the sentence phases of Ivery's trial, and we have found no error warranting reversal. In reviewing the sentence, we find no evidence that the sentence was imposed under the influence of passion, prejudice, or any other arbitrary factor. The findings and conclusions of the trial court are supported by the evidence. We concur in the judgment of the trial court that death is the appropriate sentence in this case. Our independent weighing of the aggravating circumstances and the mitigating circumstance convinces us that the sentence of death is appropriate for Ivery. Considering the crime committed and considering Ivery, we find that the sentence of death is neither excessive nor disproportionate to the penalty imposed in similar cases.
Ivery's conviction has been previously affirmed by this court. Likewise, his sentence of death is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.